IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHRISTOPHER M. BROOKS**                                  **PETITIONER**

**v.**                                                                **CIVIL NO. 1:19cv408-HSO-JCG**

**19TH CIRCUIT COURT, GEORGE
COUNTY, MISSISSIPPI**                                          **RESPONDENT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. Pro se Petitioner Christopher M. Brooks, a former inmate of the George County Correctional Facility, brings this Petition [1] for Writ of Mandamus. Brooks is proceeding *in forma pauperis*. *See* Order [5].

On November 13, 2019, the Court entered an Order [6] directing Brooks to file a written response to provide specific information. Order [6] at 1. On November 25, 2019, Brooks filed a Notice [9] of change of address reflecting that he is no longer incarcerated, but he did not respond to the Court's Order [6]. *See* Notice [9]. After receiving no response, the Court entered an Order to Show Cause [10] on December 30, 2019, directing Brooks to show cause by January 13, 2020, why this case should not be dismissed for failure to obey the Court's prior Order [6]. Order to Show Cause [10] at 1. When Brooks did not respond to this Order, the Court entered a Final Order to Show Cause [11], giving him one final opportunity to comply. Brooks was given until February 11, 2020, to respond. Final Order to Show Cause [11] at 1.

Brooks has not complied with three Court Orders. The Court repeatedly warned Brooks that failure to comply with Orders of the Court may lead to the dismissal of his Petition. Final Order to Show Cause [11] at 2; Order to Show Cause [10] at 1; Order [6] at 1; Order [5] at 1; Order to Show Cause [3] at 1; Order [2] at 1. It is apparent from his failure to comply with the Court's Orders that Brooks lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action sua sponte. *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, to achieve the orderly and expeditious disposition of cases. *Id.* Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and obey the Orders of the Court. A separate final judgment will be entered pursuant to

Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 27th day of February, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE